361 F.2d 826
 SKOURAS THEATRES CORPORATION, Petitioner in No. 15662,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent in No. 15662.
The INTERNATIONAL ALLIANCE OF THEATRICAL STAGEHAND EMPLOYEES AND MOVING PICTURE OPERATORS OF the UNITED STATES AND CANADA, LOCAL 642, Petitioner in No. 15671,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent in No. 15671.
 No. 15662.
 No. 15671.
 United States Court of Appeals Third Circuit.
 Argued May 24, 1966.
 Decided June 7, 1966.
 
 Louis M. Weber, New York City (Wolf, Baumann & Burstein, Jersey City, N. J., on the brief), for petitioner Skouras Theatres Corp.
 James A. Major, Hackensack, N. J. (Major & Major, Hackensack, N. J., on the brief), for petitioner International Alliance, etc., Local 642.
 Herman M. Levy, Atty., N.L.R.B., Washington, D. C. (Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Elliott Moore, Atty., N.L.R.B., on the brief), for respondent.
 Before HASTIE and GANEY, Circuit Judges, and WRIGHT, District Judge.
 PER CURIAM:
 
 
 1
 We are asked in this case to review and set aside an order of the National Labor Relations Board which, in principal part, required Skouras Theatres Corp., the operator of a chain of motion picture theatres, and the union which represented its projectionists to desist from maintaining or enforcing an informal understanding and agreement under which Skouras was to rely exclusively upon the union for the referral of prospective permanent employees as required, it being further understood that only union men would be supplied for permanent work and that union men would be given preference for temporary work. The order also contained related requirements, including the posting of appropriate notices.
 
 
 2
 The principal issue is whether the record establishes that the employer and the union agreed upon and observed such an arrangement as the Board's order describes and proscribes. We are satisfied that there was substantial evidence, which the Board could reasonably credit, of the existence and implementation of such an arrangement.
 
 
 3
 A separate point, challenging the jurisdiction of the Board, is also without merit. It adequately appears that the operation of the Skouras theatre chain was a multimillion dollar enterprise involving large scale interstate transportation of films for commercial exhibition.
 
 
 4
 A decree enforcing the Board's order will be entered.